

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0265-19

### JEFFERY SCOTT ESTRADA, Appellant
### v.
### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### LAMB COUNTY

*Per curiam.*

### O P I N I O N

Appellant was convicted of engaging in organized criminal activity. The court of appeals reversed the conviction and remanded the case to the trial court for a new trial, upon deciding that Appellant was improperly charged with the invalid predicate offense of possession of a controlled substance with intent to deliver. *Estrada v. State*, 570 S.W.3d 402 (Tex. App. -- Amarillo 2019). The State filed a petition for discretionary review contending in its first ground for review that the Court of Appeals erred in its determination of an invalid

predicate offense, and contending in its second ground for review that it was error to remand the case to the trial court for a new trial without conducting a harmless error analysis.

On September 25, 2019, we decided in *Hughitt v. State* that possession of a controlled substance with intent to deliver is not a valid predicate offense for a greater offense of engaging in organized criminal activity, and upheld the judgment of the court of appeals vacating the conviction. 583 S.W.3d 623 (2019). Accordingly, we refuse the State's first ground for review.

Furthermore, we recently held in *Walker v. State* that the lack of a valid predicate offense under the same circumstances as in this case amounted to a substantive defect in the indictment, but not the lack of an indictment altogether. No. PD-0399-17, __ S.W.3d __ at *19-20 (Tex. Crim. App. delivered Feb. 26, 2020). Conviction for possession with intent to deliver was still authorized by the indictment, and reformation is permissible under these circumstances. *Id.* at *20. We then held that remand was necessary for the court of appeals to consider whether specified necessary conditions for reformation are satisfied. *Id.* at *21.

The Court of Appeals in the instant case did not have the benefit of our decision in *Walker*. Accordingly, we grant the State's petition for discretionary review on its second ground, vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals for further action in light of the opinion in *Walker*.

Delivered April 15, 2020
Do Not Publish